UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACY HERTEL,                    )
                                 )
       Petitioner,               )
                                 )   Case No. 3:12-CV-742 JD
       v.                        )
                                 )
SUPERINTENDENT,                  )
                                 )
       Respondent.               )

OPINION AND ORDER

Tracy Hertel, a *pro se* prisoner, challenges his state drug conviction under 28 U.S.C. § 2254. *State v. Hertel*, 71D08-0409-FA-0096. The procedural history of this case is convoluted. The following facts were set forth by the Indiana Court of Appeals and are presumed correct under 28 U.S.C. § 2254(e)(1)**:**

> On January 31, 2008, a jury found Hertel guilty of six drug-related counts. The court entered convictions for two counts of class B felony dealing in a schedule II controlled substance (Counts I and II), two counts of class D felony possession of two or more chemical reagents or precursors with the intent to manufacture a schedule II controlled substance (Counts III and IV), and three counts of class A misdemeanor possession of a schedule IV controlled substance, marijuana, and hashish, respectively (Counts V, VI, and VII). On March 31, 2008, the court sentenced Hertel to concurrent sentences of eighteen months in prison on Counts III and IV consecutive to concurrent sentences of thirty days for Count V, one year for Count VI, and one year for VII. These counts resulted in an aggregate sentence of three years and seven months incarceration, of which Hertel had about eighteen months left to serve. With respect to Counts I and II, the counts relevant to this action, the court sentenced Hertel to consecutive ten-year terms suspended to probation. The court then ordered, as a condition of probation, that Hertel serve the twenty years of probation in prison. Hertel began serving his probationary term in January 2009.
>
> Hertel, by counsel, initiated a timely direct appeal on April 28, 2008 (71A05–0805–CR–286). Procedurally, this case then gets a little murky because by September 2008, apparently dissatisfied with appellate counsel, Hertel began his proliferation of pro-se filings/letters in both the trial court and our court. On March 31, 2009, the motions panel of this court ultimately granted Hertel's motion for

remand to the trial court for the purpose of pursuing a Davis/Hatton procedure. Accordingly, the direct appeal was dismissed without prejudice, and Hertel was permitted to seek post-conviction relief (PCR) below. Thereafter, in a subsequent appeal, Hertel would be permitted to raise both direct-appeal and PCR issues.

After making numerous additional pro-se filings with the trial court, Hertel sought to withdraw the motions and then filed a new notice of appeal on August 10, 2009. This court dismissed Hertel's second appeal (71A05–0908–CR–476) without prejudice on January 12, 2010, upon motion by the State. Again, we remanded so that Hertel could file a PCR petition.

Finally, on May 13, 2010, Hertel filed his pro-se PCR petition under cause number 71D03–1005–PC–35. While the PCR petition was pending, on October 5, 2010, the trial court sua sponte indicated in the criminal case the court's intention to review Hertel's probationary placement and, accordingly, requested a progress report from the Department of Correction. On November 5, 2010, the court ordered that Hertel be evaluated for a community corrections program.

Judge Jerome Frese, sua sponte, recused himself on February 25, 2011 from the criminal and PCR actions as the result of Hertel having filed a federal civil lawsuit against him. Accordingly, the criminal and PCR cases were reassigned to John Marnocha on March 3, 2011.

On March 14, 2011, Hertel filed a motion to set hearing and for transport order. In this motion Hertel asked the new judge to set a hearing to "discuss his custody, the status of the case, and to simplify the issues in contention for the Court." Judge Marnocha promptly held a status hearing as requested on April 12, 2011. At that time, the court determined, with Hertel's agreement, that the sentence modification/erroneous sentence issues would be heard separately from the PCR claims. The court set the sentencing issues for an evidentiary hearing on May 13, 2011. Further, the court admonished Hertel to cease filing evidentiary documents with the court because they would not be considered unless admitted at the evidentiary hearing.

The hearing regarding the modification of the sentences for Counts I and II commenced as scheduled. At the conclusion of the hearing, the court denied Hertel's motion to modify and further determined that the sentence was not illegal or erroneous. Accordingly, the court entered a written order on May 23, 2011, denying the motion to modify and denying Hertel's request for an appeal bond. The court indicated further, "to the extent that the defendant's Motion for Modification of Sentence also may be construed to be a Motion to Correct Erroneous Sentence, the Court now denies that as well."

*Hertel v. State*, No. 71A03-1106-CR-244, slip op. at *2-5 (Ind. Ct. App. July 17, 2012) (internal citations and footnotes omitted).

On appeal, the Indiana Court of Appeals concluded that the majority of Hertel's claims could not be raised in a motion to modify or correct an erroneous sentence, which was limited by statute to correcting an "obvious" sentencing error that could be discerned from the face of the sentencing judgment. *Id.* at *7. Thus, Hertel's claims requiring consideration of matters outside the sentencing judgment itself could not be reached, and instead had to be pursued in the post-conviction proceedings or on direct appeal.[1] *Id.* The appellate court did consider Hertel's claims that his sentence was "ridiculous on its face," that INDIANA CODE § 35-38-2-2.3 is facially unconstitutional, and that the trial court failed to properly advise him of the conditions of his probation. *Id.* at *8-10. The appellate court found no merit to any of these claims, and affirmed. *Id.* at *10. Hertel filed a petition to transfer to the Indiana Supreme Court, which was denied. [ECF No. 11-7 at 8-9.]

In August 2010, in the midst of these state proceedings, Hertel brought a federal petition challenging his conviction. *Hertel v. Superintendent*, 3:10-CV-331-TS (N.D. Ind. filed Aug. 10, 2010). The petition was dismissed without prejudice because Hertel's post-conviction petition had only recently been filed, and it was apparent he had not yet exhausted his available state court remedies. *Id.*, ECF No. 3.] Hertel argued that he was entitled to dispensation of the exhaustion requirement because of inordinate delay in the state proceedings; however, the Court rejected this

---

[1] Hertel's filings were found to be "vague," "rambling," and difficult to follow, " but the appellate court discerned within them the following improper claims: Indiana's sentencing laws were unconstitutional as applied to him; the additional conditions of probation imposed by the trial court were unreasonable; the sentence imposed was "vindictive"; the trial court abused its discretion at sentencing; the trial court's sentencing statement was inadequate; and the trial court relied on an improper aggravator in imposing consecutive sentences. *Hertel*, No. 71A03-1106-CR-244, slip op. at *7-10.

3

argument. [*See* ECF No. 3 at 3-4, ECF No. 9.] Hertel appealed, but his request for a certificate of appealability was denied by the U.S. Court of Appeals for the Seventh Circuit. [*See* ECF No. 26.]

In November 2012, Hertel returned to federal court with the present case, and later amended his petition.[2] [ECF Nos. 1, 6.] Like his filings in state court, his federal petition is rambling and difficult to follow. *See Hertel*, No. 71A03-1106-CR-244, slip op. at *9-10. He raises 24 grounds for relief, all of which are essentially variations on his claim that his sentence is improper and that it is unconstitutional to require him to serve the probationary portion of his sentence in prison.[3] [*Id.,* ECF No. 6-1.]

Hertel's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas

---

[2] In the interim, Hertel also filed a state mandamus petition against the trial judge claiming that he was moving too slowly in ruling on motions in the post-conviction proceedings. *See Hertel v. Frese*, 71S00-1007-OR-00387 (Ind. App. Ct. order dated July 16, 2010). He also filed two cases under 42 U.S.C. § 1983 challenging his conviction, one of which was dismissed pursuant to 28 U.S.C. § 1915A. *See Hertel v. Frese*, No. 3:11-CV-58-JVB (N.D. Ind. order dated Dec. 6, 2011). The other contained multiple claims that were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), but he was permitted to proceed on a claim involving the conditions of his confinement at the St. Joseph County Jail. *Hertel v. Dvorak, et al.*, No. 3:10-CV-009-JD (N.D. Ind. filed Jan. 6, 2010).

[3] For instance, he claims: "The petitioner is being held beyond the length of the sentence issued" (ground three); "The written sentencing order is void on its face because it does not match the oral sentencing statement" (ground four); "The sentencing order is void on its face" (ground five); "The sentencing order is void on its face—automatic revocation of probation" (ground eight); "Void sentencing orders mandate immediate release" (ground nine); "The sentencing order is void—delegation of judicial decisions" (ground twelve); "Indiana's probation in prison effectively doubles the length of sentence" (ground fourteen); "Indiana's sentencing laws must comport with equal protection and due process; a sentence in excess of the maximum allowed by law is cruel and unusual punishment" (ground twenty-two). [ECF No. 6, 6-1.] To the extent any of his claims are premised on the trial court's failure to comply with state law, they would not present a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Nor would any claim premised on alleged errors that occurred in the post-conviction proceedings or other state collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir. 1996).

4

petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Until available state court remedies are exhausted, the petitioner cannot seek federal habeas relief. 28 U.S.C. § 2254(b)(1)(A).

Here, it is apparent from the record that Hertel has exhausted some claims but not others, and thus presents a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). His claims adjudicated in the motion to correct erroneous sentence have been exhausted in one complete round of state review, whereas his remaining claims have not. A federal habeas court is not permitted to adjudicate a "mixed" petition, since "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Id.* at 273. Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* at 274 (citation omitted). Thus, when a petitioner presents a mixed petition, certain options are available. *Id.* In limited circumstances, the Court may grant a "stay and abeyance" of the petition while the petitioner returns to state court to exhaust the unexhausted claims. *Id.* at 275-77. If a stay is not appropriate, the Court can permit the petitioner to delete the unexhausted claims and proceed solely with the exhausted claims. *Id.* at 278. This second option bears risks, however, since the petitioner is required to obtain leave from the U.S. Court of Appeals to proceed with a second petition after completing the state review process. *See* 28 U.S.C. § 2244(a)(3)(A). If leave is not granted, the petitioner will be unable to pursue any additional claims in federal court at a later date.

Before considering how to proceed in this case, the Court must address Hertel's argument that his petition does not contain any unexhausted claims. He appears to argue that he exhausted all

5

of his claims because he presented them to the state courts in connection with the motion to correct erroneous sentence. [ECF No. 13.] However, as the state appellate court advised him, the bulk of his claims could not be raised in that procedural context, and instead had to be pursued in the post-conviction proceeding or on direct appeal. *Hertel*, No. 71A03-1106-CR-244, slip op. at *6-7. Hertel is still pursuing post-conviction relief in connection with those claims, and presently has an evidentiary hearing scheduled for July 2013. [ECF No. 11-2 at 4.] After that he is entitled to pursue a direct appeal. Because Hertel has remaining state court remedies available, those claims are unexhausted.[4]

Hertel also suggests, apparently in the alternative, that his failure to exhaust should be excused because of excessive delay in the state proceedings. [ECF No. 13 at 2-3.] In rare instances, federal courts may dispense with the exhaustion requirement because excessive delay on the part of the state has led to manifest injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this rare exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881 (7th Cir. 1997). Thus, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years despite [the petitioner's] attempts . . . to obtain a ruling," the Seventh Circuit found grounds for excusing the exhaustion requirement, assuming the state could not demonstrate that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at

---

[4] Indeed, if Hertel chose to forego his remaining state court remedies, the bulk of his claims would be barred by procedural default, since the state appellate court declined to reach them on the merits because they were not properly presented in accordance with state law. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (claim cannot be reached on the merits in federal habeas proceeding when the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground, or was not presented to the state courts and would now be procedurally barred under state law).

878-79 (stating in *dicta* that petitioner's failure to exhaust could be excused where the state took no action on his post-conviction petition for five-and-a-half years).

An argument that Hertel meets this exception strains credulity. This is not a case where the state proceedings have been lying "dormant" for several years. Instead, as recounted above, the state courts have expended considerable resources adjudicating Hertel's "proliferation" of motions, petitions, and other filings challenging his conviction and sentence during the past five years. *See Hertel*, No. 71A03-1106-CR-244, slip op. at *3. The courts have addressed his many filings and repeatedly sought to point him to the proper procedures for raising his claims. His direct appeal was suspended at this request, and his post-conviction petition has only been pending since May 2010. Proceedings were delayed due to his desire to proceed separately with his claims that his sentence was facially invalid, and those claims have since proceeded through one complete round of state review. As to his remaining claims, he presently has a post-conviction evidentiary hearing scheduled for July 2013. In short, Hertel's filings have not been lying dormant, nor has he otherwise experienced the type of extraordinary delay that would excuse his failure to exhaust.

Therefore, the petition must be handled in accordance with *Rhines*. Although Hertel does not expressly request a stay, the Court nevertheless considers whether a stay is appropriate under the facts of this case. A stay is permitted in only "limited circumstances," since if it were employed too frequently, the purposes of AEDPA would be undermined. *Rhines*, 544 U.S. at 277. A stay "frustrates AEDPA"s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* It also undermines AEDPA's goal of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* In other words, a stay "effectively excuses a petitioner's

7

failure to present his claims first to the state courts," and is thus warranted only when the petitioner can establish good cause for his failure to exhaust his claims before seeking federal habeas relief. *Id.* "[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

As an initial matter, there is no danger of Hertel being time-barred from returning to federal court if the petition were to be dismissed in its entirety, which militates against a stay. *See Rhines*, 544 U.S. at 275; *Dolis v. Chambers*, 454 F.3d 721, 725 (2006) (court should grant a stay where petitioner can establish good cause and a dismissal "would effectively end any chance at federal habeas review."). Because Hertel's direct appeal proceedings have not yet concluded, the one-year limitations period has not started running. *See* 28 U.S.C. § 2244(d)(1)(A). If he acts diligently, he should have no difficulty returning to federal court in a timely manner once the state proceedings have concluded.

Furthermore, Hertel cannot satisfy the good cause requirement. Instead the record shows that he has engaged in abusive litigation tactics throughout these proceedings. As recounted above, Hertel has flooded the state courts with motions, petitions, and other filings challenging his sentence in one form or another. He has created a procedural morass by filing and then withdrawing documents when he feels the proceedings are taking too long, filing unauthorized appeals and other documents in the appellate courts before proceedings in the trial court have concluded, and initiating new proceedings while other proceedings are still pending. He has repeatedly sought to bypass proper state procedures despite being instructed on how to proceed. In short, the Court cannot discern any valid reason why Hertel failed to exhaust his claims in state court before seeking federal habeas relief, other than that he is unhappy with how things are proceeding in state court and wishes

to have another venue in which to assert his claims. For these reasons, a stay is not warranted under the facts of this case.

In light of this, the question remains how Hertel wishes to proceed. One option is to voluntarily dismiss the entire petition without prejudice so that he can complete the state review process. If he does not obtain the relief he is seeking in state court, he can return to federal court with a fully exhausted petition. His second option is to file an amended petition that deletes all unexhausted claims and contains only his exhausted claims pertaining to the facial invalidity of his sentence. If he proceeds with this route, he is cautioned that he will be required to obtain leave under 28 U.S.C. § 2244(b)(1)(A) to file a successive petition after exhausting his other claims. If he is denied leave to proceed with a successive petition, these claims may be permanently foreclosed.

For these reasons, the Court:

(1) DIRECTS the clerk to place this cause number on a blank habeas corpus petition, AO-241 (Rev. 10/07) (INND Rev. 3/10) and send it to the petitioner;

(2) GRANTS the petitioner to and including June 15, 2013, to _either_ file a motion to voluntarily dismiss his petition without prejudice _or_ file an amended petition containing only his exhausted claims pertaining to the facial invalidity of his sentence; and

(3) CAUTIONS him that if he fails to respond by the deadline, this action will be dismissed without prejudice.

SO ORDERED.

ENTERED:  May 13, 2013

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court